UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMIAS MUÑOZ,

                              Petitioner

           -v-

UNITED STATES OF AMERICA,
                              Defendant.

19 Civ. 11907 (PAE)

17 Cr. 662 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

      The Court has reviewed the *pro se* motion of Jeremias Muñoz for relief pursuant to 28 U.S.C. § 2255, Dkt. 136,[1] and the Government's memorandum of law in opposition, Dkt. 147 ("Gov't Mem."). For the reasons that follow, the Court denies Muñoz's petition.

      1.      On September 18, 2018, Muñoz pled guilty, pursuant to a plea agreement, to one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951, before the Honorable Deborah A. Batts. On February 12, 2019, he was sentenced by Judge Batts to a term of 55 months' imprisonment, below the applicable guidelines range of 70–87 months' imprisonment. *See* Dkt. 99 (Sentencing Transcript) at 19.

      2.      On December 26, 2019, Muñoz filed a *pro se* petition pursuant to § 2255, claiming that one enhancement used in calculating his sentencing guideline range—a 3-level enhancement for the brandishing and/or possession of a dangerous weapon during his robberies, pursuant to U.S.S.G. § 2B3.1(b)(2)(E)—was legally void in light of *United States v. Davis*, 139 S. Ct. 2319 (2019). He asks that he been re-sentenced based on the lower guideline range that would result in the elimination of this enhancement.

---

[1] Unless otherwise indicated, docket references are to the docket of Muñoz's criminal case, 17 Cr. 662.

3.       Muñoz's § 2255 petition lacks merit for three independent reasons.

First, in his plea agreement, Muñoz waived the right to bring such a claim. He there expressly waived the right to challenge—on appeal or collaterally—his sentence, provided that it was no more than 87 months' imprisonment. *See* Gov't Mem., Ex. B (plea agreement) at 5. During the plea proceeding, Judge Batts specifically reviewed this aspect of the plea agreement with Muñoz. *Id.*, Ex. D (plea transcript) at 13–14. The Second Circuit has repeatedly enforced waivers of this nature. *See, e.g.*, *United States v. Lee*, 523 F.3d 104, 106 (2d Cir. 2008); *United States v. Roque*, 421 F.3d 118, 121–24 (2d Cir. 2005); *United States v. Haynes*, 412 F.3d 37, 39 (2d Cir. 2005).

Second, *Davis* does not assist Muñoz. *Davis* held void for vagueness the residual clause used in a federal firearms statute, 18 U.S.C. § 924(c)(3)(B), to supply one definition of a "crime of violence." *Davis*, 139 S. Ct. at 2336. Muñoz, however, did not plead guilty to that offense, or indeed, to any federal firearms statute. And the offense of Hobbs Act robbery does not contain a residual clause. *Davis* is, therefore, completely inapposite.

Third, Muñoz's challenge to the above guidelines provision based apparently on the principles articulated in *Davis* fails, for multiple reasons. First, U.S.S.G. § 2B3.1(b)(2)(E) does not contain a residual clause. There is no component of that enhancement that can be claimed to be void for vagueness. Second, even if this provision did contain a residual clause akin to that voided in *Davis*, the Supreme Court has held that the Sentencing Guidelines are not susceptible to vagueness challenges. *See Beckles v. United States*, 137 S. Ct. 886, 890 (2017) ("[T]he advisory [sentencing] Guidelines are not subject to vagueness challenges under the Due Process Clause.").

The Court accordingly dismisses Muñoz's petition.  The Court declines to issue a certificate of appealability and certifies that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis* status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

The Clerk of Court is respectfully directed to terminate the motions pending at dockets 136 and 144 of 17-CR-662, and to close the corresponding civil case: 19-CV-11907.  A copy of this decision will be mailed by Chambers to Muñoz.

SO ORDERED.

                                                                          PAUL A. ENGELMAYER
                                                                          United States District Judge

Dated:  April 16, 2020
        New York, New York